**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4250**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HENRY MILLER LEE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00273-RJC-DCK-1)

Submitted: November 30, 2018                    Decided: December 11, 2018

Before NIEMEYER and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Charlotte, North Carolina, Joshua B. Carpenter, Appellate Chief, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Miller Lee, Jr., appeals his 120-month sentence imposed following his guilty plea to three counts of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a) (2012). Lee's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Lee's 120-month sentence is procedurally and substantively reasonable. Although notified of his right to file a supplemental brief, Lee has not done so. We affirm.

We review a criminal sentence—"whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States,* 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51; *see* 18 U.S.C. § 3553(a). If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51.

Having carefully reviewed the record, we find no abuse of discretion in the district court's imposition of Lee's sentence. The district court properly calculated the advisory Sentencing Guidelines range and sufficiently explained its reasons—both in open court and in its Statement of Reasons—for imposing an upward variance from the Guidelines. Specifically, the court expressly considered Lee's extensive criminal history, unscored

2

prior convictions, and the increase in severity of his criminal conduct. In considering the § 3553(a) factors, Lee's medical condition, and the statements by his sisters at sentencing, the district court deemed a 120-month sentence sufficient to satisfy the purposes of § 3553(a).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Lee's convictions and sentence. This court requires that counsel inform Lee, in writing, of the right to petition the Supreme Court of the United States for further review. If Lee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lee. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*